GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. H. W. HYNES.

Decided April 5, 1899.

**1.  Contributory Negligence—Flying Switch.**

A night watchman is not chargeable with contributory negligence in failing to anticipate the transfer of cars onto the repair tracks by a flying switch where there was no light on the car and no notice was given of their approach, and the transfer, contrary to the usual custom, was made by an engine which was pushing cars as well as drawing those which were transferred.

**2.  Damages—Excessive Verdict—Remittitur—Practice on Appeal.**

Article 1029a of the Revised Statutes, authorizing the appellate courts to suggest a remittitur of the excess in verdicts, and upon such remittitur being made, 'to affirm the judgment, does not abrogate the rule that verdicts will not be disturbed as excessive unless such excess was the result of passion or prejudice. Railway v. Syfan, 91 Texas, 562, distinguished.

**3.  Same—Measure of, in Cases of Personal Injury.**

There is no standard by which the amount of damages to be allowed in cases of personal injury can be measured, and the matter must therefore be left to the sound discretion of juries.

**4. Same—Verdict Held Not Excessive.**

A verdict for $18,000 for loss of a leg and permanent injury to the other foot, in the case of a switchman 41 years old and earning $45 per month, held not excessive.

Appeal from Medina. Tried below before Hon. I. L. Martin.

*Baker, Botts, Baker & Lovett,* for appellants.

*Perry J. Lewis,* for appellee.

Fly, Associate Justice.—Appellee instituted this suit to recover damages incurred by him through personal injuries inflicted by appellant. A trial by jury resulted in a verdict and judgment in favor of appellee for $18,000.

We find as facts that appellee was in the employment of appellant, and while in discharge of his duties as night watchman in the yards of appellant in San Antonio, on the night of May 13, 1898, he was struck by a car that had been negligently thrown by a flying switch on a repair track, and received injuries which resulted in the loss of a leg below the knee, and in the permanent damage of the remaining foot. The injury resulted from the negligence of appellant. The suffering from the injuries was intense, and up to the time of the trial appellee was suffering great pain in his foot. Before the injuries were received appellee was in robust health, was 41 years old, and was receiving at the time $45 per month, but had at a previous time received $55.30 from appellant. Since the injuries were inflicted appellee has been totally incapacitated for physical labor and his injuries are permanent.

It was established by the evidence that a switch engine on the main track had two freight cars, one being a box car and the other a flat car, in front of it, and four box cars behind attached to it, and that it ran at a great rate of speed pushing the two cars and pulling the four cars until it reached a point near the repair track, when the cars behind were detached from the engine, and after the engine, which ran away from the cars, had passed the switch to the repair track, the switch was thrown and the four cars ran on the repair track, and without warning to appellee ran over and crushed his limbs. He had seen the engine with the two cars in front passing along the main line and had no notice that cars were behind, which by a flying switch were to be thrown on the repair track. There was no light on the car that struck appellee, nor anyone to give notice of its approach. It was not customary to make flying switches with cars in front of the engine. This statement of the evidence answers the charge in the seventh assignment of error that appellee was guilty of contributory negligence, and leads to the conclusion that appellee was not guilty of contributory negligence, and that the assignment is without merit.

The only other point insisted upon by appellant is that the verdict is excessive, and in this connection it is insisted that the rule established by former decisions of courts of this State that a verdict will not be dis-

turbed on the ground of excess unless it appears that it was the result of passion of prejudice, has been abrogated by article 1029a, Revised Statutes.

Prior to the adoption of the article in question it was the rule in Texas to reverse a case when a verdict was found to be excessive in amount, and the Act of 1893, being the article above cited, was enacted to give authority to courts of appeals to suggest a remittitur of the excess, and in the event it was made to affirm the judgment. Railway v. Syfan, 91 Texas, 562.

In discussing, in the above cited case, the law in question the Supreme Court said: "This article was doubtless intended to have, and clearly does have, the effect to abrogate the rules established by the former decisions of this court upon the question under discussion, at least so far as applicable to the Court of Civil Appeals." The rules referred to are those that had been fixed by the Supreme Court to the effect, that "in actions for damages where the measure of recovery is not fixed by law, when a verdict has been found to be excessive in amount, the court can not permit the plaintiff to cure the error of excess by a remittitur and thereby avoid a new trial." It is not suggested in that opinion that the statute confers upon Courts of Civil Appeals the authority to arbitrarily demand of appellees remittiturs as a condition precedent to affirmance of their judgments, and the test as to the excess of a verdict is the same one established by the decisions of the Supreme Court previous to the passage of the Act of 1893. That the Supreme Court did not intend to hold, in the Syfan case, that a Court of Civil Appeals has the authority to require remittiturs in the absence of a circumstance indicating passion or prejudice on the part of the jury, is evident from its language to the effect "that the judgment of the Court of Civil Appeals was entered, not upon its own finding, but upon the verdict of the jury, after it had been purged by the remittitur of the error arising out of improper influences supposed to have affected the minds of the jurors in arriving at the amount of the verdict." It is true that the court of Civil Appeals of the First district in their opinion in the Syfan case (43 Southwestern Reporter, 551), do not in terms find that the jury had been actuated by passion and prejudice in rendering the verdict, but we conclude that was the ground of the opinion for the reason that in the case of Railway v. Bohan, 47 Southwestern Reporter, 1050, recently decided by that court, it is said: "The amount of the verdict is very large. It is larger than we would have assessed the damages at if the case had been submitted to us as a jury, but in order to authorize us to set aside the verdict, we must be able to say that the jury was influenced by prejudice or passion, —either prejudice against the defendant or sympathy for the plaintiff."

The same court in the case of Railway v. Berling, 14 Texas Civil Appeals, 544, says: "That the verdict may be large may be conceded, but we are unable to say, under the decisions heretofore rendered and approved by this and the Supreme Court, that the verdict is excessive. Large discretion is confided to the jury in fixing the amount of damages, and,

unless the amount be so great, considered in reference to the evidence, as to make it probable, at least, that the verdict was the result of passion, it should not be disturbed." Again, in the case of Railway v. Harding, 11 Texas Civil Appeals, 497, the same court said: "In refusing to reverse such verdicts, we are not to be understood as approving them, but simply adhering to the rules governing appellate courts in such matters." The Court of Civil Appeals of the Third district, discussing the same question in case of Railway v. Wright, 10 Texas Civil Appeals, 179, said, "that as there is no mathematical guide for the jury in ascertaining the damages in cases of this kind, much must necessarily be left to their discretion, and unless it appears that they have abused their discretion in this respect, or that their verdict is the result of improper influences, we would not feel justified in disturbing it."

In the case of Telegraph Company v. Piner, 9 Texas Civil Appeals, 152, the Court of Civil Appeals of the Second district held: "While the verdict is large, and more perhaps than we would have given had we occupied the position of the jury, yet the law has intrusted the decision of such questions largely to their discretion, and much weight must be given their judgment, and we have concluded that the record does not present a case which calls upon us to say they were influenced by improper considerations in fixing the amount that should be allowed." Writs of error were applied for in all but one of the above cited cases and were refused by the Supreme Court, and quotations have been made from them to show the uniform ruling of the courts on the question under discussion, since the enactment of the law of 1893. The quotations are reiterations of the old rule, which we hold has not been abrogated by the statute of 1893, and which is the only reasonable rule upon which a court can act in cases where there is testimony, as in this case, upon which the jury can base their verdict. There is no standard by which the amount of damages to be allowed, in cases of personal injury, can be measured, and the matter must be left to the sound discretion of juries. There is no evidence in this case of passion or prejudice upon the part of the jury, and taking into consideration the extreme agony of mind and body suffered by appellee, the loss of one limb and the maimed condition of the other, his age, good health, the amount he was earning, and the size of other verdicts in like cases approved by appellate courts, we can not arbitrarily set aside the verdict.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.