FT. WORTH & R. G. RY. CO. v. NEAL. †

(Court of Civil Appeals of Texas. Austin. May 17, 1911. On Rehearing, June 15, 1911. On Motion for Rehearing, Oct. 18, 1911.)

1. DAMAGES (§ 166*)—EVIDENCE—RELEVANCY —PERSONAL CONDITIONS.

A question, asking a medical witness for plaintiff, in an action against a railroad for personal injuries, as to whether it was not a fact that people who had damage suits against railroads, and other causes for simulating injury, could and did fool physicians to a great extent about what was the matter with them when it was an internal injury, is inadmissible, as being irrelevant and immaterial.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 166.*]

2. TRIAL (§ 192*) — INSTRUCTIONS—CONFORMITY TO EVIDENCE.

Where the uncontroverted evidence showed that plaintiff was thrown from the caboose in which he was riding by a collision, an instruction assuming such fact is not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

3. APPEAL AND ERROR (§ 1004*) — VERDICT — AMOUNT OF RECOVERY.

The amount of a verdict for damages in a personal injury case being for the jury, unless there is good reason to believe that they were influenced by bias or prejudice, the court will not say that it is excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

On Rehearing.

4. CARRIERS (§§ 315, 316*)—ACTION FOR INJURIES—PRESUMPTION AND BURDEN OF PROOF —RES IPSA LOQUITUR.

Where the petition, in an action against a railroad for personal injuries to a passenger, alleges that he was injured while riding in a caboose of defendant's train by another of defendant's freight trains running into the caboose by reason of the negligent acts of the employés in charge of each of defendant's trains, the plaintiff, having limited his allegations of negligence to certain employés of defendant, cannot recover upon proof of facts which indicate negligence of some character, on the part of defendant, but does not show negligence on the part of those whom he had specifically charged with

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court December 13, 1911.

negligence causing his injury, and the doctrine of res ipsa loquitur does not apply.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1281, 1283–1294; Dec. Dig. §§ 315, 316.*]

On Motion for Rehearing.

5. CARRIERS (§ 318*)—ACTION FOR INJURIES —SUFFICIENCY OF EVIDENCE—NEGLIGENCE CAUSING COLLISION.

Evidence, in an action against a railroad company for personal injuries from a collision of freight trains, in the caboose of one of which plaintiff was riding, submitted by a charge which limited plaintiff's right to recover to proof of negligence on the part of defendant's employés in charge of the train, held sufficient to support a verdict for plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1307–1314; Dec. Dig. § 318.*]

Appeal from District Court, McCulloch County; John W. Goodwin, Judge.

Action by W. P. Neal against the Fort Worth & Rio Grande Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Andrews, Ball & Streetman and F. M. Newman, for appellant. Joe Adkins and Woodward & Baker, for appellee.

JENKINS, J. Appellee was a passenger in a caboose on appellant's road. While said caboose was standing on the track at one of appellant's stations, it was run into and wrecked by an engine hauling a train on said track. Appellee received injuries in said wreck for which he recovered judgment herein in the sum of $4,000, from which judgment appellant prosecutes this appeal.

[1] 1. Appellant assigns error on the refusal of the court to allow it to ask Dr. Long, a witness for appellee, the following question, "Is it not a fact that people who have damage suits against railroads, and other causes for simulating injury, can and do fool physicians to a great extent about what is the matter with them when it is an internal injury?" As to whether this appellee was probably or possibly deceiving this witness was a proper subject of inquiry, and appellant was permitted to pursue such inquiry to the fullest extent. It was proper for appellant to show, if it could, that appellee was probably malingering; but that others had done so would not tend to prove this fact. It was permissible to show that the alleged injuries of appellee were of such a nature that a physician could not determine with certainty their existence or nonexistence; but that other persons had been able to deceive other physicians as to other alleged injuries was irrelevant and immaterial as to any legitimate inquiry in this case.

2. The appellant assigns error on the charge of the court in submitting the general issue of negligence in the operation of appellant's train as the cause of the appellee's injury, upon the ground that appellee specifically alleged the negligence complained of, and therefore the doctrine of res ipsa loquitur does not apply. Appellant is in error as to the nature of appellee's allegations. He does, in a separate count of his petition, wherein he claims exemplary damages, allege that appellant's train crew were incompetent, and were retained by appellant in its service after such incompetency was known to it. But no evidence was offered to sustain this allegation; appellee did not request that it be submitted to the jury, and it was not submitted, for which reasons it must be treated as having been abandoned. As to actual damages, appellee alleged in general terms that the collision occurred by reason of the negligence of appellant's servants in operating its said trains, and each of them, for which reason the doctrine of res ipsa loquitur is applicable.

[2] 3. The uncontroverted evidence shows that appellee was thrown from the caboose in the collision, for which reason the court did not err in assuming such fact in its charge.

[3] 4. We cannot, under the evidence in this case, say that the judgment is excessive. This being a matter for the jury, we will not invade their province, unless there is good reason to believe that they were influenced by bias or prejudice.

Finding no error in the record, the judgment herein is affirmed.

Affirmed.

On Rehearing.

In our former opinion herein, we held that the court did not err in its charge, for the reason that the doctrine of res ipsa loquitur was applicable under the allegations of plaintiff's petition. We supposed that appellant's assignment of error in this regard had reference to appellee's allegations as to punitory damages. A more careful examination of the record has convinced us of our error in this particular.

[4] Appellee's petition alleges that he was injured while in a caboose of appellant's train by another of appellant's freight trains running into said caboose. The only allegation of negligence in said petition, aside from his allegations as to punitory damages, is that said collision occurred "by reason of the negligent acts of the agents, employés, and servants in charge of said trains of said defendant and each of them." There was no proof of negligence on the part of said train crews, or of any member of either of said crews. So far as the evidence in this case shows, there may have been no such negligence, and yet such collision might have occurred, just as the evidence shows it did occur, by reason of the negligence of the train dispatcher in giving or in failing to give orders to one or both of the conductors

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

of said trains, or by a switchman negligently leaving the switch open, or by the improper construction of the track, or in any number of other ways, without any fault or negligence of any one operating or assisting in operating either of said trains. While, under the allegations of appellee's petition, he was not bound to prove any specific act of negligence on the part of any member of either of said crews, yet he was bound to prove some act of negligence on the part of some of said parties. Having limited his allegations of negligence to certain employés of appellant, he cannot recover upon proof of facts which indicate negligence of some character on part of appellant, but does not show negligence on the part of those whom he has specifically charged with such negligence as the cause of his injury.

Motion for rehearing is granted, and the judgment herein is reversed, and this cause remanded for a new trial.

Reversed and remanded.

### On Motion for Rehearing.

The briefs of the parties to this suit, as originally presented in this court, seemed to raise only the issues of the admissibility of evidence, the doctrine of res ipsa loquitur, and amount of damages, and only as to the latter was there any apparent difference as to the facts. Appellee's brief led us to believe that appellant's contention that the doctrine of res ipsa loquitur was directed against his allegation as to punitory damages. Upon this view of the case, we affirmed the judgment. Upon motion for rehearing, appellant's counsel convinced us that his assignment raised the issue of res ipsa loquitur as to actual damages also. He had asserted in his original brief, and reiterated the same in his motion for rehearing, that the only act of negligence proven was the act of collision. We examined appellee's brief to see if this was controverted, and found that it was not; in accordance with rule 41 for government of appellate courts, we took it for granted that there was no evidence that the injury was occasioned by the negligence of those in charge of appellant's trains, for which reasons we granted a rehearing, and reversed and remanded this case.

[5] Now comes counsel for appellee, and for the first time calls our attention to acts of negligence upon the part of those in charge of said trains. These facts are that said trains started as one train, but at Dublin was divided into two sections, and started on their journey, the one following the other, from which fact the conductor of the front train must have known that it was dangerous to stop his train on the track, without turning the switch so as to derail the rear train, or without putting a danger signal in rear of his train. The engineer of the rear train stated, as a part of the res gestæ, that he did not see the front train until he was too near to it to stop, at which time he jumped from his engine, presumably without applying the brakes, as he only mentioned having turned on the sand. The conductor and engineer of the rear train must have known that the other train was only a short distance in front, and was liable to stop at Granbury, a station on appellant's road, and yet they came into said station, running 25 or 30 miles an hour, and did not keep sufficient lookout to see the front train in time to stop before running into it. The engineer of the first train had taken his engine to the stock pen; he evidently saw the rear train approaching, for the evidence is that he sounded the danger signal, but the rear train paid no attention to it.

We gave the statement of facts a careful examination when this case was first submitted to us as to the only issue of fact presented by the briefs, and that was to the extent of appellee's injuries, but the facts above recited escaped our attention, for the reason that appellee did not deny appellant's statement as to this matter, but contented himself with insisting that he was entitled to recover under the doctrine of res ipsa loquitur.

Another fact to which our attention was not called is that the learned trial court did not submit the general issue of negligence, but limited the appellee's right to recover to proof of negligence on the part of appellant's employés in charge of the train. The jury found in favor of appellee on this issue, and the evidence as above set out is, we think, sufficient to sustain their verdict.

For the reason herein given, as well as for those given in the original opinion herein, we grant appellee's motion for a rehearing, and affirm the judgment of the trial court.

Rehearing granted; judgment affirmed.