### BAKER v. FIELDS et ux.    (No. 2470.)

(Court of Civil Appeals of Texas. Texarkana.
Dec. 22, 1921. Rehearing Denied
Jan. 5, 1922.)

1. Negligence ⬅136(30) — Railroads ⬅350 (21)—Contributory negligence of person riding on truck going over obstructed crossing held question for jury.

The mere fact that one killed when the truck on which he was riding was struck by a train was with the driver of the truck when he passed over the same crossing shortly before the accident, and so had an opportunity to know the conditions hindering the view at the crossing and the danger involved in passing over it, did not show negligence as a matter of law in being on the truck at the time of the accident, or that the driver's negligence, if any, was imputable to him, in the absence of any showing that they were engaged in a joint enterprise, that deceased had anything to do with the operation of the truck, or that he had any control over or right to direct the driver in its operation.

2. Appeal and error ⬅1004(3)—No reversal for damages for death when no showing of passion, etc., and verdict not manifestly excessive.

Where, in an action for the death of plaintiff's son, 19 years old, there is nothing to show that the jury was influenced by passion, prejudice, or other improper motive in finding a verdict for $7,000, and it is not manifestly excessive, the appellate court will not substitute its judgment for that of the jury and trial judge as to the sum which would compensate defendants for the loss incurred by them.

Error from District Court, Smith County; J. R. Warren, Judge.

Action by G. A. Fields and wife against James A. Baker, receiver. Judgment for plaintiffs, and defendant brings error. Affirmed.

This appeal is from a judgment against plaintiff in error in favor of defendants in error for $7,000, the damage the jury found they sustained by the death of their son Albert, 19 years old, who was killed May 8, 1920, in a collision between an automobile truck in which he was riding and one of plaintiff in error's trains.

It appeared from testimony heard at the trial that the collision occurred at a point in the corporate limits of the town of Troup where a public road crossed tracks of the International & Great Northern Railway, operated by plaintiff in error as receiver. The crossing was an unusually dangerous one, because of the fact that the view of persons traveling the street approaching it was so obscured by objects on and along the tracks as to prevent them from seeing approaching trains before they reached it. One Partney, 21 years old, an employé of the Texas Company, and engaged in carrying its products from its plant across the railway company's tracks from the business part of Troup to customers in said part of said town, was driving the truck at the time the collision occurred. Partney, accompanied by the deceased, had been to said plant, where he, assisted by the deceased, loaded the truck, and was returning still accompanied by the deceased, to the business part of the town. Partney's account of the accident, testifying as a witness, was as follows:

"I was driving the truck, sitting on the left-hand side of the seat, coming toward the crossing where the collision occurred. As I come up the grade there at the crossing I was looking and listening for a train, but I did not hear any, and I could not see anything of one. Just as I drove on the crossing a train hit the truck between the motor and the seat. I never did see the train. It knocked me unconscious. Albert Fields was in the truck with me at the time, and on the right-hand side of the seat. The collision broke my leg, knocked me unconscious, bruised my hip and the lower part of my back, bruised my head, skinned my hand, and wrenched my back. * * * Neither Fields nor myself saw the train or locomotive in question before it reached the crossing, and we did not and could not have seen it, because the box cars and the ice platform cut off our view. The engine struck the truck just as it got on the track."

On special issues submitted to them the jury found that plaintiff in error's employés in charge of the train were guilty of negligence which was a proximate cause of the collision, in that they did not (1) sound the whistle, nor (2) ring the bell, of the engine as the train approached the crossing, as the law required them to, and (3) operated the train at a greater speed than 6 miles an hour, in violation of an ordinance of said town. The jury further found that neither the deceased nor Partney was guilty of contributory negligence.

Bulloch, Ramey & Story, of Tyler, and N. B. Morris, L. W. Morris and Dabney & King, all of Houston, for plaintiff in error.

Johnson, Edwards & Hughes, of Tyler, for defendants in error.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WILLSON, C. J. (after stating the facts as above). [1] The contention presented by assignments numbered 1 and 6 is that it appeared from the testimony that the deceased was guilty of contributory negligence as a matter of law. Practically all the testimony relied on to support the contention, it appears from plaintiff in error's brief, was with reference to acts and omissions of Partney, the driver of the truck, and not to conduct of the deceased. That testimony, so far as it referred to the deceased, showed only that he accompanied Partney to the Texas Company's plant, where he helped him load the truck, and was sitting beside him in the truck at the time the collision occurred. It did not show, nor have we found anything in the record showing, that Partney and the deceased were engaged in a joint enterprise, or that the deceased had anything whatever to do with the operation of the truck, or any control over or right to direct Partney in the operation thereof. Certainly, the mere fact that the deceased was with Partney when the latter passed over the crossing in going to the Texas Company's plant, and so had an opportunity to know the condition of the crossing and the danger involved in passing over it, did not show that he was guilty of negligence as a matter of law in being in the truck at the time of the accident. And, as plainly, it did not show, if Partney was guilty of negligence, that his negligence was imputable to the deceased. Railway Co. v. Wentzel, 214 S. W. 710; Railway Co. v. Gibson, 83 S. W. 862. So, we think, the contention should be overruled, whether it is, as presented by the assignments and propositions under same referred to, that deceased was himself guilty of negligence, or is, as indicated by testimony relied on in the brief as supporting it, that Partney was guilty of negligence which was imputable to the deceased.

[2] The assignment attacking the verdict and judgment as excessive also is overruled. There is nothing in the record indicating that the jury were influenced by "passion, prejudice, or other improper motive" in finding the amount they did, and we cannot say that amount is "manifestly excessive." Hence the rule applicable would not warrant this court in substituting its judgment for that of the jury and trial judge as to the sum which would compensate defendants in error for the loss they incurred by the death of their son. Railway Co. v. Dorsey, 66 Tex. 148, 18 S. W. 444; Texas Electric Co. v. Whitmore, 222 S. W. 644; Railway Co. v. Dodd, 167 S. W. 238; Railway Co. v. McGraw, 55 S. W. 756; Railway Co. v. Olmstead, 56 Tex. Civ. App. 96, 120 S. W. 596; Railway Co. v. Blalack, 128 S. W. 706; Railway Co. v. Greb, 63 Tex. Civ. App. 78, 132 S. W. 489; Railway Co. v. Neal, 140 S. W. 398; Freeman v. Grashel, 145 S. W. 695; Railway Co. v. Hynes, 21 Tex. Civ. App. 34, 50 S. W. 624. "We are not," as the Supreme Court said they were not, in the case first cited, "better prepared for judging what is a proper verdict in such case than any well-qualified juror."

The judgment is affirmed.

---

⬦⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes