**TEXAS & N. O. R. CO. v. HARRINGTON et al. (No. 391.)**

(Court of Civil Appeals of Texas. Beaumont. March 10, 1922. Rehearing Granted April 12, 1922.) .

On Motion for Rehearing.

**Death ⬤⟲99(4)—$35,000 damages to surviving wife and children reduced to $30,000.**

A verdict for $35,000 in favor of the surviving wife and four minor daughters of deceased, who was 31 years old, and was earning $14 per week, *held* excessive, and reduced to $30,000.

Walker, J., dissenting.

Appeal from District Court, Orange County; W. T. Danis, Judge.

Suit by Alice Harrington and others, against the Texas & New Orleans Railroad Company. Judgment for plaintiffs, and the defendant appeals. Reversed and remanded on rehearing unless plaintiffs file a remittitur of $5,000 within 15 days, in which case the judgment will be affirmed in the sum of $30,000.

Orgain & Carroll, of Beaumont, and Baker, Botts, Parker & Garwood, of Houston, for appellant.

Holland & Holland and J. T. Adams, all of Orange, for appellees.

WALKER, J. This case is before us again on mandate from the Supreme Court (235 S. W. 188), directing us to pass on appellant's assignment of error challenging the verdict of the jury as being excessive. Former opinion, T. & N. O. v. Harrington, 209 S. W. 685.

Appellant's fourteenth assignment of error raising this issue is as follows:

"The answer of the jury to question No. 9 is unsupported by the evidence, and is contrary thereto, and the evidence is insufficient to support same, and shows that the jury was controlled by bias, passion, prejudice, or some other improper motive or influence, rather than the evidence in the case, and the charge of the court, in that the jury found that plaintiffs had been damaged in the sum of $35,000, and the evidence is that the deceased at the time of his death was about 31 years old, and had been working for and was at the time earning $14 per week, and had been working for the same concern some several years; that he was of sober and industrious disposition. There was no evidence of any special qualifications on his part that would tend to show any particular good prospect of his ever being other than what he was at the time of his death, or earning more than what he was then earning, and the finding of the jury as damages is so excessive in amount as to show that some improper motive or influence guided them in arriving at the amount to be fixed as damages."

The following statement made by appellant fairly reflects the record:

"That she was the wife of Claude Harrington, deceased; Claude Harrington was 31 years of age, in good health, had worked at the Bancroft Warehouse, had been engaged in that business four or five years, had steady employment, and received a salary of $14 per week; supported his family on his salary. The family consisted of four girls and his wife; the oldest one, Ruby, is 9 years old; the next one, Violet, is 7 years old; the next one, Rosalie, is 5 years old; the next one, Edna May, is 3 years old; deceased had a father, but does not know where he is. Claude Harrington was sober in his habits, was industrious."

As stated in the assignment, the verdict was for $35,000, which was divided as fol-

lows: To the wife $15,000, and to each of the four girl children $5,000.

On a similar assignment, in Hines v. Roan, 230 S. W. 1070, we said:

"Plaintiff was given damages in the sum of $20,000 for the death of his wife and $15,000 for the death of his son. Appellant assigns error against these answers, on the ground that the amount assessed is excessive. Mrs. Roan was 26 years old, in good health, kept her house, and was faithful in the discharge of her duties as a wife. On authority of the recent holdings of our courts of appeal, we sustain the judgment for $20,000 for her death."

All of the recent Texas cases on this issue are digested by West Publishing Company in the Decennial Digests, and in the current volumes of the Southwestern Reporter, under the subject "Death," key-number 99 (4).

In Hines v. Mills (Tex. Civ. App.) 218 S. W. 777, the Texarkana court affirmed a judgment for $40,000 in favor of a widow and five minor children. The deceased husband and father was 38 years old, and was earning about $185 per month.

In Baker v. Fields (Tex. Civ. App.) 236 S. W. 170, Mr. Chief Justice Willson said:

"The assignment attacking the verdict and judgment as excessive also is overruled. There is nothing in the record indicating that the jury were influenced by 'passion, prejudice, or other improper motive' in finding the amount they did, and we cannot say that amount is 'manifestly excessive.' Hence the rule applicable would not warrant this court in substituting its judgment for that of the jury and trial judge as to the sum which would compensate defendants in error for the loss they incurred by the death of their son. Railway Co. v. Dorsey, 66 Tex. 148, 18 S. W. 444; Texas Electric Co. v. Whitmore, 222 S. W. 644; Railway Co. v. Dodd, 167 S. W. 238; Railway Co. v. McGraw, 55 S. W. 756; Railway Co. v. Olmstead, 56 Tex. Civ. App. 96, 120 S. W. 596; Railway Co. v. Blalack, 128 S. W. 706; Railway Co. v. Greb, 63 Tex. Civ. App. 78, 132 S. W. 489; Railway Co. v. Neal, 140 S. W. 398; Freeman v. Grashel, 145 S. W. 695; Railway Co. v. Hynes, 21 Tex. Civ. App. 34, 50 S. W. 624. 'We are not,' as the Supreme Court said they were not, in the case first cited, 'better prepared for judging what is a proper verdict in such case than any well qualified juror.'"

There is nothing in the record indicating that the jury were influenced by an improper motive in reaching their verdict in this case. There is nothing to indicate that all of them were not well qualified jurors. A verdict for $15,000 in favor of Mrs. Harrington does not seem to be out of proportion to the judgment for $20,000 in favor of the husband for the death of his wife, which we approved in the Roan Case, supra. We cannot say that $5,000 for each of the four minor girl children is excessive. Possibly this represents more than they might have received from their father's weekly wages had he lived and received the usual promotions. But that was not the full measure of their recovery. They were entitled to recover for the value of the services which he might and would have rendered in training and educating them. At the time of his death Harrington was a poor man, earning a small salary, but he was young, only 31 years old, sober and industrious in his habits. Such traits of character are usually rewarded. It would seem that he had every expectation of being promoted and of earning more money. All of these elements of recovery were before the jury. The amount of recovery was peculiarly a question for their decision, and, as said by our Supreme Court in the case above cited by Judge Willson:

"We are not better prepared for judging what is a proper verdict in such case than any well-qualified juror."

The assignment is overruled, and it is our order that the judgment of the trial court be in all things affirmed.

### On Motion for Rehearing.

HIGHTOWER, C. J. At a former day of this term we overruled appellant's contention that the verdict against it in this case was excessive in amount, and it has filed its motion for rehearing on that point. Each member of the court has given it most careful and thorough consideration, and a majority of the court have reached the conclusion that our former opinion, holding the verdict not excessive, was wrong, and are now of the opinion that the verdict is excessive to the extent of $5,000 at the least.

We have searched the books in vain to find any adjudicated case, in this state or elsewhere, in which the appellate court permitted a verdict so large as that in this case to stand where the material facts on the measure of damages were the same, or substantially so, as the facts in this case. Practically innumerable authorities might be cited in support of this statement, but not one to the contrary, we feel sure.

The material facts relative to the measure of damages in this case will be found correctly and fairly stated by Justice WALKER, who prepared our former opinion, wherein we then overruled appellant's contention that the verdict is excessive. One of the most material of such facts, as shown by the undisputed evidence, is that at the time of his death Harrington, the husband and father, was earning only $14 per week, and he had not earned more than that during the preceding five or six years. His life expectancy

was about 30 years. The record does not disclose that he was skilled in any line of work whatever, and is equally silent as to educational attainments. He had been doing practically the same character of work for about 6 years next preceding his death. If there was anything in the entire record to indicate that there was any reasonable expectation that his earning capacity would have ever been greater than it was at the time of his death, it was only the fact that he was of sober and industrious habits—traits very commendable, it is true.

In our former opinion we cited, as sustaining us there, Hines v. Mills (Tex. Civ. App.) 218 S. W. 777, an opinion by the Texarkana Court. In that case the deceased, Mills, was a fireman on a railroad engine, and at the time of his death was receiving a salary of $185 a month, and it is stated in the opinion that he was in line for promotion to the position of engineer, where he might have received a salary of $250 per month. His life expectancy was about 29 years, only one year short of Harrington's expectancy in this case. The verdict in the Mills Case, in favor of his widow and five minor children, was for $40,000. The verdict was attacked as being excessive, but the court after mentioning the large earning capacity of Mills, and his reasonable expectation of promotion, permitted the verdict to stand, but stated that it was "a liberal one." After careful reconsideration of the Mills Case, we have concluded that it does not tend to sustain our former opinion that the verdict in this case was not excessive. For, if the verdict in that case was "a liberal one," considering the large earning capacity of Mills and his reasonable expectation of promotion, it certainly cannot be, it seems to us, that the verdict for $35,000 in this case is reasonable, considering the great disparity in the earning capacity of the two men, in whose life expectancy there was only one year's difference.

It is now the opinion of a majority of this court that a recovery for $30,000 against appellant is the very most that the facts in this case would authorize, and appellant's motion for rehearing will therefore be granted, and the trial court's judgment will be reversed, and the cause remanded, unless the appellees, within 15 days from this date, will file in this court a remittitur of $5,000, reducing the judgment in their favor to $30,000. In the event such remittitur shall be filed, the motion will be overruled, and the trial court's judgment will be affirmed in favor of appellee for the amount of $30,000, with interest thereon at the rate of 6 per cent. per annum from the date of the judgment below.

WALKER, J., dissenting.