### HOUSTON, E. & W. T. RY. CO. v. CHAMBERS.   (No. 1292.) *

(Court of Civil Appeals of Texas. Beaumont. Dec. 3, 1925. Rehearing Denied Jan. 6, 1926.)

**1. Master and servant  ⟨⟩278(3)—Evidence held to establish negligence in gasoline explosion.**

Evidence *held* sufficient to sustain court's finding of negligence by railroad in gasoline explosion which injured switchman.

**2. Trial ⟨⟩367—Argument to court not objectionable merely because it would have been so if directed to jury.**

Argument of counsel, which might be objectionable if addressed to jury, does not constitute reversible error when addressed to court, for it is presumed trial judge has sufficient experience and intelligence to protect himself against such argument.

**3. Damages ⟨⟩132(8)—$31,000 held excessive by $11,000 for injury to switchman in gasoline explosion.**

$31,000 *held* excessive, and would be reduced to $20,000, where switchman, 37 years of age, earning $6 to $7 per day, was burned by gasoline explosion and sustained injury to hand and arm.

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Action by S. Chambers against the Houston, East & West Texas Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded, unless remittitur entered.

Garrison & Watson and Baker, Botts, Parker & Garwood, all of Houston, for appellant.

Collins & Collins, of Lufkin, for appellee.

WALKER, J. We take the following succinct and fair statement of the nature and result of this case from the brief of appellee:

"On June 15, 1924, appellee was employed by the appellant as a switchman on the yard and premises of appellant in the city of Lufkin, Angelina county, Tex., and was receiving as his daily wages the sum of from $6 to $7 per day, which sum he had been receiving per day for many months. That appellee was a skilled railroad switchman; that he had selected railroading as his career, and was, on the aforesaid date, 37 years of age, and stood in position

for immediate promotion to a higher position in railroading and a more lucrative one. That at said time the appellee was a strong, healthy, robust man, and in possession of all of his faculties, and enjoyed the free and unhampered use of his members and the activity of his body.

"Appellant maintained on said date, on its premises and in close proximity to its railway line, a small but tightly built tool house or oil house, in which it kept stored a motorcar, tools, and gasoline, and in which was constructed an underground tank which held 60 gallons of gasoline out of which, by means of a pump in the tool house, gasoline was pumped from the underground tank. This pump had been in use for several years without having been repaired or inspected. The tool house was ordinarily kept locked at night, and at other times when not necessarily opened by the employees to-get the car, tools, or gasoline therefrom, or to put tools, gasoline, or the motorcar therein. It was equipped with the same sort of lock that all the other tool houses on appellant's railway line between Houston and Shreveport are equipped with, and as the tool houses are under the immediate supervision and control of the section foreman, each and every section foreman along appellant's railway line, as well as many other employees, was permitted to carry keys to the lock. It was the duty of appellee and all other employees to remedy any condition which they might discover existing to the appellant's property which threatened injury to the property. It was appellee's duty to close the tool house door and lock same should he find the same unlocked when not in use, and especially in the nighttime and in order to prevent depredation and injury to the property.

"On the morning of June 15, 1924, at about 4:15 o'clock, the appellee, in the performance of his duties to appellant, discovered the doors to the tool house unlocked and partially open, and, conceiving it to be his duty to close the doors and lock them, he approached the tool house door, and with his right hand took hold of the door and pushed it to. Appellee had a lighted lantern in his right hand, which he necessarily carried and used in performing his work, and as he pushed the door to with his right hand the lighted lantern was brought in contact with the ignited gas fumes which had accumulated in the tool house, and an explosion took place, setting the clothes of appellee on fire, and as a result of which he was severely burned over his body, arms, and face, resulting in total and permanent incapacity to appellee. Appellee instituted this suit, seeking to recover upon the following grounds of negligence:

"'(a) The defendant, its agents, servants, and employees were negligent in placing, maintaining and allowing gasoline to be stored and remain in said tool house in containers which had, from some defect or imperfection, become leaky and permitted the fumes and vapors to evaporate and escape therefrom and fill the tool house and permeate the air therein.

"'(b) The defendant, its agent, servants, and employees were negligent in placing, maintaining, and allowing gasoline to be stored and remain in said tool house in containers which were improperly equipped with pumps which would permit the fumes and vapors to escape from said containers and fill the room and satu-

<hr>

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 24, 1926.

rate the .air therewith as more fully set forth in the foregoing part of this petition.

" '(c) The defendant, its agents, servants, or employees were guilty of negligence in allowing and having gasoline stored in said building in such manner as to create fumes and gases and cause the ignition and explosion which set plaintiff on fire.

" '(d) The defendant, its agents, servants, or employees were negligent in leaving the doors to said building unlocked and open so that plaintiff would come in contact with said fumes in closing said doors as he did while in the performance of his duties as an employee and as a result of which he was burned and injured as hereinabove shown.

" '(e) The defendant, its agents, servants or employees were negligent in that it failed to exercise ordinary care and prudence to furnish plaintiff a reasonably safe place and premises upon which and where to perform his duties as switchman and an employee of defendant, as it was his duty to do.

" '(f) The defendant was negligent in storing gasoline in close proximity to a large number of employees, where it knew or could have reasonably foreseen they would be brought in the performance of their duties to defendant, and would likely be injured thereby as a result of an explosion of said fumes, which it did cause.'

"The appellee alleged his damages to be the sum of $55,500.

"The appellant answered by general demurrer, general denial, special plea of assumed risk and contributory negligence.

"Upon a trial had before the court, judgment was rendered in favor of appellee for $31,000, and the trial court, in his findings of fact, found in favor of appellee as to each and every ground of negligence alleged by appellee, and further found that appellee did not assume the risk, and that he was not guilty of contributory negligence."

### Opinion.

Appellant makes due complaint that the findings of the court are without sufficient evidence to support them, that they are so against the overwhelming weight and preponderance of the evidence as to shock "the conscience of a thoughtful man," and that it is the duty of the court to set aside a judgment when thus without support.

[1] It would serve no useful purpose to quote extensively from the evidence in this case, but, having carefully reviewed every word of the reported evidence, it is our conclusion that the court's findings of negligence are well supported. The pump used to take the gasoline from the tank was defective. An open container of gasoline, holding possibly two gallons, was found in the tool house immediately after the explosion. Partly filled gasoline tanks were found in the building after the explosion; the evidence shows clearly there was an explosion, that it occurred in the manner testified to by appellant, and that he suffered serious injuries therefrom; the evidence also raised the issue that the explosion was occasioned by the negligence of appellant, and that in attempt-

ing to close the tool house door appellee was in the due discharge of his duties to appellant. Without further discussion, we overrule appellant's objections to the court's conclusions of fact on the issue of negligence, and adopt the same as our own.

[2] Appellant also complains of the argument of counsel to the court. There is no merit in this proposition. The language complained of, while possibly objectionable if addressed to a jury, could not constitute reversible error when addressed to the court. It must be presumed that a trial judge has sufficient experience and intelligence to protect himself against intemperate arguments on the part of counsel who appear before him.

[3] Again, appellant complains of the excessiveness of the judgment. We think this proposition should be sustained. Appellee, in the statement given by us from his brief, sets forth in his own language his age, his physical condition, and his ability to earn money. He was his only witness as to the extent of his injuries and their probable effect on his future earning capacity, which related principally to the injury to one of his arms. Though he had submitted himself to medical treatment, he did not call his physicians in to confirm his statements. The doctors offered by appellant, some in its regular employ and others local physicians in good standing, all testified that appellee had a reasonable use of his injured arm and hand. As we recall, no one placed its use at less than 50 per cent. of its normal use; some testifying that, with proper treatment, its reasonable use could be restored. With this evidence in the record, appellee offered no expert evidence as to the probable lasting effect of the injury to himself, nor of his possible recovery. It may be that on another trial he can offer evidence to sustain the amount of damages recovered herein, but as the record appears before us $31,000 is excessive. The trial court could not disregard the evidence of the physicians in this case where there was no controverting evidence, and to give their evidence due weight could only lead to the conclusion that the court erred in his measure of damages. It would serve no useful purpose to review the authorities on the measure of damages, but many of them are reviewed and referred to in our opinion in Tex. & N. O. R. Co. v. Harrington, 241 S. W. 250. After reviewing all the facts in this case, it is our opinion that this judgment should be reduced to $20,000. It is therefore our order that this case be reversed and the cause remanded, unless appellee, within 15 days after the filing of this opinion, shall duly enter on our docket a remittitur in the sum of $11,000.

All of appellant's propositions, except the one involving the excessiveness of the verdict, are overruled.