### GULF REFINING CO. v. ROGERS et al.
#### No. 1302.

Court of Civil Appeals of Texas. Waco.
Jan. 12, 1933.

Rehearing Denied Feb. 16, 1933.

184

Seay, Seay, Malone & Lipscomb, of Dallas, and Bryan & Maxwell, of Waco, for appellant.

Witt, Terrell & Witt, C. S. Farmer, and Munroe & Holt, all of Waco, for appellees.

ALEXANDER, Justice.

This suit was brought by Elbert Rogers and the Texas Employers' Insurance Association against the Gulf Refining Company and Dan Russell to recover damages for personal injuries alleged to have been sustained by Rogers. The defendant Gulf Refining Company owned a gasoline filling station at West, Tex., which station was operated by Dan Russell under a written contract. Elbert Rogers drove his automobile into the filling station for the purpose of having the tank filled with gasoline. Ernest Johnson, one of the employees at the station, undertook to service the car, and in doing so negligently spilled gasoline on the floor thereof. The gasoline came in contact with a hot exhaust pipe, causing it to ignite, and as a consequence Rogers was severely burned. Rogers was an employee of the Western States Grocery Company, and was insured under the Workmen's Compensation Act (Vernon's Ann. Civ. St. arts. 8306–8309) by the Texas Employers' Insurance Association. The plaintiffs alleged that Dan Russell and Ernest Johnson were the agents and employees of the Gulf Refining Company, and that the latter was responsible for their acts. Rogers sought to recover damages for the personal injuries sustained by him, and the Texas Employers' Insurance Association sued to recover for the medical bills and compensation that it had been required to pay, and would be required to pay in the future to Rogers, under the Workmen's Compensation Act.

A trial by jury resulted in a verdict and judgment against the Gulf Refining Company and in favor of Rogers in the sum of $23,971.60, and in favor of Texas Employers' Insurance Association in the sum of $1,028.40. The Gulf Refining Company appealed.

The appellant contends that Dan Russell was operating the filling station as an independent contractor, and that Ernest Johnson, whose negligence caused the injury, was a servant of the said Dan Russell, and not a servant of the appellant. The appellees alleged, and the jury found, that Dan Russell was not an independent contractor, but was an agent of the Gulf Refining Company, and that Ernest Johnson was appellant's employee. Appellant contends that the evidence was insufficient to support the verdict. The appellant owned the filling station. It introduced in evidence a written contract between itself and Dan Russell by which it appointed Russell its commission agent to sell its gasoline, oil, and other products through said station. It agreed to deliver the station and all equipment to said Russell, and he, for a certain commission on the products so sold, agreed to employ all help, and to operate the station at his own expense. The products were to be consigned to Russell, title to remain in appellant until the goods were sold,

and he was to sell same at such prices only as appellant might fix from time to time. He was to sell for cash only, except that he could sell on credit to such persons and on such terms as authorized by appellant. He was not permitted to sell any other products of petroleum on the premises except those so furnished by appellant. He was authorized to conduct any other business on said premises not inconsistent with the storage and sale of appellant's products; but in the event he elected to do so he was required to maintain a sign on the door or window of the building indicating the portion of the business which was his own personal business, and was not to use the company's name in connection therewith. The contract bound Russell to be responsible for all damages to the public caused by him or his servants. It could be terminated at any time at the will of either party. The testimony showed that the representatives of appellant made regular and frequent inspections of the filling station, checked the books and credit accounts, and suggested to the employees and directed them as to the manner in which the station should be run. They gave said employees instructions about keeping the station clean, and about keeping towels, soap, ice water, etc., for the customers. They instructed the employees how to service cars; and, if an employee failed to service a car properly, he was corrected by said representatives and shown how to do the work. There was evidence that said representatives of appellant instructed Russell that employees about the station whose services were unsatisfactory to the Gulf Refining Company should be dismissed, and that on one occasion, after the accident in question, one of said representatives instructed Russell to discharge one of the employees, and that, rather than do so, Russell surrendered the station. Russell was authorized to and did sell gasoline on credit to holders of courtesy cards issued by the appellant from its home office without inquiry as to the financial standing of the purchasers. When such sales were made, Russell would later receive his commission thereon from the company's home office. The company filled the gasoline tanks and supplied necessary oils when needed without consulting Russell. The station was equipped with a regular "Gulf Refining Company" sign, about thirty feet in length, and with another one of the company's regular, "That Good Gulf Gasoline," signs. All records were required to be kept on appellant's stationery, and the employees wore Gulf Refining Company uniforms. Rogers testified that he went to the station because he thought it was a Gulf Refining Company station, in order to receive the service usually supplied by company-owned and operated stations.

In determining whether or not one is an employee or an independent contractor, the most important element to be considered is whether or not the employer has the power or right to control and direct the employee in the material details as to how the work is to be performed. If the employer has the power to control the workman in the manner in which the work is to be performed, the workman is an employee and not an independent contractor. King v. Galloway (Tex. Com. App.) 284 S. W. 942; Maryland Casualty Co. v. Kent (Tex. Com. App.) 3 S.W.(2d) 414; Texas Employers' Ins. Ass'n v. Owen (Tex. Com. App.) 298 S. W. 542; Maryland Casualty Co. v. Donnelly (Tex. Civ. App.) 50 S. W.(2d) 388.

It will be seen that under the contract between appellant and Russell, the company had the right to control Russell in many respects with reference to the manner and means by which he was to perform the services contracted for. The gasoline and other products were to be consigned to Russell; the title thereto to remain in the company until sold by him. He could sell for cash only, except when specially authorized by the company. He was authorized to handle only the petroleum products of the company. He could sell only at such prices as fixed by it. He was required to make regular reports as to the manner in which the business was being conducted, and the company could terminate the contract at any time that it saw fit. Contracts very similar to this have been held to create the relation of master and servant, and not that of employer and independent contractor. Maryland Casualty Co. v. Kent (Tex. Civ. App.) 271 S. W. 929; Id. (Tex. Com. App.) 3 S.W.(2d) 414; Dr. Pepper Bottling Co. v. Rainboldt (Tex. Civ. App.) 40 S.W.(2d) 827, par. 1, and authorities there cited.

Moreover, Elbert Rogers was not a party to the written contract between the Gulf Refining Company and Russell, and the terms thereof are not conclusive against him in determining the relationship actually existing between the contracting parties. He was entitled to establish the facts showing the relation as it actually existed at the time of the injury. Norwich Union Ins. Co. v. Chancellor (Tex. Com. App.) 5 S.W.(2d) 494, par. 5. Even though the contract as originally entered into nominally created the relationship of employer and independent contractor, yet if such contract was a subterfuge, or if the employer thereafter assumed and actually exercised control over the means and methods by which the work was to be performed, the relation of master and servant existed between it and Russell and his employees, and the mere fact that the contract as written was so drawn for the purpose of creating the relation of independent contractor would not relieve the company of liability for the negligence of such servants. 39 C. J. 37; Wallace v. Southern Cotton Oil Co., 91 Tex. 18, 40 S. W. 399; Oriental Investment Co. v. Bar-

clay, 25 Tex. Civ. App. 543, 64 S. W. 80 (writ denied); Texas Building Co. v. Reed (Tex. Civ. App.) 169 S. W. 211. The written contract was apparently so drawn for the purpose of creating the apparent relationship of employer and independent contractor, and of avoiding liability for the negligence of the employees about the station; but the company was not satisfied to allow such relationship to exist. The evidence shows that it immediately assumed control, and proceeded to direct the method by which the work contracted for should be performed. By reserving the right to terminate the contract at will, it retained the means of compelling submission to its orders. Having elected to assume control and to direct the means and methods by which the work was to be performed, it must be held liable for the negligence of those performing such service under its direction. We think the evidence was sufficient to sustain the verdict of the jury.

█ The appellant contends that the court erred in refusing to grant its application for continuance. The appellant, as a defense to the suit, alleged that Dan Russell was operating the station as an independent contractor under the written contract heretofore referred to, and that Ernest Johnson, whose negligence caused the injury, was an employee of Russell and not an employee of appellant. Two days before the case went to trial it filed a cross-action against Russell and sought to recover over against him for any damages that might be recovered against it. The contract provided that Russell should be responsible for any damage caused by him or his employees. Russell, in answer to the cross-action, alleged that the written contract was a subterfuge and a blind, and was not entered into in good faith, and did not speak the true relationship existing between the parties. He alleged that Ernest Johnson was employed by, and was under the control of, the Gulf Refining Company. This answer was filed a day before the case went to trial. The appellant filed its first application for a continuance, in which it alleged that C. L. Kerr, its district sales manager, represented it in executing the contract in question; that it had arranged with the said Mr. Kerr to be present, and that he would have been present at the trial and would have testified that the contract was not a subterfuge, but was entered into in good faith and constituted the entire contract between the parties, but that three days prior to the beginning of the trial the said Mr. Kerr died, and that by reason of the distance between Waco and Houston where its offices were located the company had not had opportunity to procure the testimony from any other source, and would not be able to do so during the trial. The court overruled the motion. In this we do not think the court erred. Since the witness Mr. Kerr was dead, delay would not have produced his testimony. The application did not allege that the evidence could be secured from any other source. In fact, it indicated the contrary. It did not give the names of any other witnesses by whom it expected to prove the facts, nor that it had reasonable assurance of procuring such evidence in the event the motion was granted. It was apparently seeking delay in order that it might make an investigation to see if it could procure such evidence. The trial lasted four days, and the amended motion for new trial was not filed until more than one month after the trial was concluded; yet no showing was made in such motion that such evidence could or would have been produced from any other source at the next term of court. Therefore, the delay in the trial of the case would not have benefited appellant, and there was no error in overruling the motion. 9 Tex. Jur. 747.

█ Appellant complains of the action of the court in permitting Russell and other witnesses to testify that a Mr. Johnson and a Mr. Akers gave instructions to the employees as to how the station should be operated. It contends that since the contract between the company and Russell was in writing and was unambiguous, parol testimony showing the manner in which the contract was carried out was inadmissible. The record shows that Johnson and Akers were the representatives of the company, who had authority to transact the business of the company in the respects mentioned. This evidence was admissible to show that the company actually controlled the manner in which the station was operated, and the court did not err in admitting same.

█ The appellant, by various assignments, complains of alleged improper argument made before the jury by counsel for the appellee. Most of the argument so complained of was not objected to at the time it was made, and no request was made to have the court instruct the jury not to consider same. Some of the argument is objectionable, and would doubtless require a reversal of the case but for the fact that the trial court appended to the bills of exception qualifications showing that the argument complained of was provoked by counsel for appellant. The most objectionable argument was that made by Mr. Witt, attorney for the appellee, in which he, after discussing the terms of the contract between the company and Russell, said: "Well, if that contract, in the court's mind, determined that they were not responsible the court would not have submitted to you these issues for you to determine under the facts and circumstances in this case."

It will be noted that by the above statement counsel did not tell the jury that the court by refusing to instruct the jury to return a verdict for the defendant had thereby determined that the defendant was liable, as was done in the cases of Gulf, T. & W.

Ry. Co. v. Culver (Tex. Civ. App.) 168 S. W. 514, and St. Louis, B. & M. Ry. Co. v. Green (Tex. Civ. App.) 183 S. W. 829. Prior to the making of the argument here complained of, counsel for appellant had taken the position before the jury that the contract in question, as a matter of law, relieved the company of all liability; that this was a matter of law for the court to determine; and that the court would so determine said issue in appellant's favor at the proper time. The remarks of counsel for appellee were in reply to such argument, and had the effect only to tell the jury that such statements were untrue, and that the court had already passed on the question and had refused to hold, as contended for by the appellant, that appellant as a matter of law was not liable. The effect was to tell the jury that the court had determined that liability or nonliability involved a question of fact for the determination of the jury. Such statement was true. When counsel for appellant elects to discuss forbidden matters before the jury, and in doing so he assumes an incorrect position with reference thereto, he invites a discussion thereof by appellees' counsel, and must be held responsible for the consequences. In each of the other instances in which the appellant complains of alleged improper argument, the bills of exception show that the argument complained of was in reply to, and was provoked by, the argument of opposing counsel. There is therefore no reversible error. Casualty Reciprocal Exchange v. Stephens (Tex. Com. App.) 45 S.W.(2d) 143, par. 15, and authorities there cited.

■ The appellant asserts that the judgment is excessive. The judgment was for the total sum of $25,000. At the time of the accident Rogers' clothes caught fire, and his feet, legs, hands, arms, and face were badly burned. In extinguishing the fire the skin was torn from his feet and legs, and the skin and flesh caused to slip from the bone on his right arm. The flesh and tendons on his right arm were so badly burned that when the wound healed they grew together in a solid mass, and, as a consequence, he lost the entire use of his right hand. The fingers on his right hand were left stiff in an extended position, making it difficult to care for and protect his hand. He was in the hospital for approximately one month, and was under treatment for three months, during which time he suffered great pain. The injury occurred about one year prior to the trial, and up to the time of the trial Rogers had not been able to do any work. There was testimony that at the time of the trial the flesh on his hand would sometimes crack and bleed. At the time of the injury he was 25 years of age, had completed the seventh grade work in school, and was dependent on manual labor for a living. Prior to his injury he had been in the same employment for two years, was earning $30 per week, with good prospects of a raise to $40 per week. He had received five raises from the same employer within said two-year period. He has not only lost the use of his right hand, but his hand and arm have been rendered ugly and unsightly, and very sensitive to cold. While the verdict is rather large, we do not consider it so manifestly excessive as to require a reversal of the case. Houston, E. & W. T. Ry. Co. v. Chambers (Tex. Civ. App.) 279 S. W. 290.

■ The appellant filed a cross-action against Dan Russell and sought judgment against him for such amount as might be recovered by Rogers against appellant. The trial court refused this relief. The written contract between the company and Russell bound Russell to operate the station at his own expense, and to pay all damages to the public occasioned by Russell, his servants or employees. It further provided that neither Russell nor any employees that he might have should be deemed employees of the company. Ernest Johnson, the employee whose negligence caused the injury, was employed by Russell and paid by him. He therefore came within the terms of the contract as one of the employees for whose negligence Russell agreed to be liable. Even though Russell was not an independent contractor, but was an agent of the company, as found by the jury, so as to make the company liable to third parties for the negligence of the employees selected by Russell, this did not prevent Russell from contracting to respond in damages for injuries committed by those so selected by him. Under the contract he agreed as between himself and the company to be responsible for the damages caused by such employees. While such provision was not binding on third parties, it was binding as between himself and the company. There was no finding by the jury that the parties to such contract did not intend that it should be binding as between them. The commissions received by Russell furnished a sufficient consideration for his agreement to assume liability for the damages caused by the employee selected by him. Since Russell obligated himself to pay all damages caused to third parties by such employees, the company was entitled to judgment over against Russell for the amount recovered against the company by Rogers.

The judgment of the trial court, in so far as it refused a recovery by the company over against Russell, is reversed, and judgment is here rendered in favor of the company against Russell for the amount so recovered by Rogers against the company. We have considered all other assignments of error, and find same without merit. The judgment of the trial court in all other respects is affirmed.