McCORD, J., disqualified. LANE, Special Judge, sat in this case.

---

GALVESTON, H. & H. R. CO. v. GREB.

(Court of Civil Appeals of Texas. Nov. 22, 1910. Rehearing Denied Dec. 15, 1910.)

1. RAILROADS (§ 344*)—COLLISIONS—PETITION —SUFFICIENCY.

Where the petition in an action for injuries in a collision at a railroad crossing, when considered as a whole, charged that a car, and not the engine, struck the wagon of the traveler, a general demurrer on the ground of ambiguity in the petition arising from the fact that the allegations thereof were contradictory, in that it stated that the engine collided with the wagon, and also that a car to which the engine was attached struck the wagon, was properly overruled.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1107–1112; Dec. Dig. § 344.*]

2. DAMAGES (§ 101*)—PERSONAL INJURIES— RECOVERY FOR MEDICAL SERVICES.

One suing for a personal injury may not recover for money paid for medical services unless he shows that the charges incurred therefor are reasonable.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 242–254; Dec. Dig. § 101.*]

3. DAMAGES (§ 160*)—PERSONAL INJURIES— RECOVERY FOR MEDICAL SERVICES.

A petition in an action for a personal injury which alleges payment by plaintiff of a specified amount for medical services is sufficient, in the absence of a special exception to the absence of an allegation that the charges are reasonable, to admit evidence of that fact.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 448; Dec. Dig. § 160.*]

4. PLEADING (§ 228*)—DEFECTS—MANNER OF RAISING.

A defect in a petition which may be cured by amendment must be presented by special exception, and cannot be taken by objection to testimony in support of the defective averment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

5. TRIAL (§ 260*) — INSTRUCTIONS — SUFFICIENCY.

Where the court charged that one suing for a personal injury had the burden of making out his case by a preponderance of the evidence, it was not reversible error to refuse to charge that, unless he had done so, the verdict should be for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

6. RAILROADS· (§ 345*) — COLLISIONS—PLEADINGS—EVIDENCE.

Where, in an action against a railroad company for injuries in a collision at a crossing, the petition alleged that plaintiff exercised proper care, and the only pleas were a general demurrer and general denial, and 'the evidence showed that plaintiff drove across the track while an engine and cars were standing near the crossing, and while there was nothing to indicate that the engine and cars were about to be moved, and there was no one near the cars to give warning of their contemplated movement, the issue of contributory negligence was not raised, and a charge submitting that issue was properly refused.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1113–1116; Dec. Dig. § 345.*]

7. APPEAL AND ERROR (§ 1003*)—VERDICT— CONCLUSIVENESS.

The court on appeal may not set aside the verdict as against the preponderance of the evidence unless the verdict is so against the preponderance of the evidence as to be manifestly wrong.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

8. APPEAL AND ERROR (§ 1002*)—VERDICT— CONCLUSIVENESS.

Where the evidence on an issue was conflicting, and an equal number of witnesses testified on both sides of the issue, the question was for the jury, and its verdict will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

9. APPEAL AND ERROR (§ 216*)—ERRORS IN INSTRUCTIONS—QUESTIONS REVIEWABLE.

A party cannot complain on appeal of errors in instructions which are mere omissions therein, unless he requested proper instructions to supply the omissions.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627–641.]

10. APPEAL AND ERROR (§ 1004*)—PERSONAL INJURIES—EXCESSIVE DAMAGES.

The court on appeal will not set aside a verdict awarding damages in an action for personal injuries on the ground that it is excessive, unless the verdict discloses that it is the result of passion or prejudice, or other improper motive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by F. C. M. Greb against the Galveston, Houston & Henderson Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

M. E. Kleberg, for appellant. Marsene Johnson, for appellee.

REESE, J. F. C. M. Greb sues the Galveston, Houston & Henderson Railroad Company in the district court to recover damages for personal injuries sustained by him, and also damage to the wagon in which he was riding, occasioned by a collision between a car of defendant and the wagon at a street crossing in the city of Galveston. To the action defendant pleaded general demurrer and general denial only. A trial with a jury resulted in a verdict and judgment for $2,668, from which defendant appeals.

The evidence is sufficient to show that appellee was injured substantially as alleged by him by the backing of a car in a train of four or five cars, to which there was attached an engine, all belonging to and being operated by appellant, against a wagon in which appellee and another were riding while they were crossing the tracks of appellant at the intersection of Thirty-Seventh street and said tracks. The evidence is also sufficient to support the finding of the jury that the accident was proximately caused by the negligence of those in charge of the engine and cars, that appellee was in the exercise of due care for his own safety, and that his injuries were of such a character as to authorize a verdict for the amount awarded him.

The first assignment of error complains of the action of the court in overruling the general demurrer. The ground of demurrer here urged is that the allegations of the petition are contradictory, in that it is stated that the engine collided with the wagon, and also that a car of the several to which the engine was attached struck the wagon. There may be a slight verbal ambiguity in the language of the petition in this regard,

but it clearly appears, when the whole of it is considered, that it charges that the car, and not the engine, struck the wagon. There is no merit in the assignment.

The second, third, and fourth assignments present substantially the same question, and are overruled.

The petition alleged the payment by appellee of certain amounts for medical services, but did not allege that such charges were reasonable. On the trial he introduced evidence that the charges were reasonable, to which appellant objected, on the ground that they were not alleged to be reasonable. The objection was overruled, and appellant excepted, and presents the question by its fifth assignment of error. It has been frequently decided that no recovery can be had in cases of this character for money paid for medical services, medicine, etc., unless the evidence shows that the charges so incurred or paid are reasonable. Wheeler v. Railway Co., 91 Tex. 360, 43 S. W. 876, and many other cases. But we have been unable to find a case where the question here presented was raised. Under these authorities, this portion of the petition was subject to special exception, but, in the absence of such exception, we think the objection to the evidence was properly overruled. It has often been decided that objection of this character should be presented by special exception where the defect can be cured by amendment, and that the practice of lying in ambush for one's adversary with an objection to testimony in support of the defective averment was not proper practice.

There is no merit in the sixth assignment of error. Having charged the jury that the burden of proof was upon plaintiff to make out his case by a preponderance of the evidence, it was not reversible error to refuse to further charge, as requested by appellant, that, "unless he had done so, the verdict should be for defendant." Some presumption must be indulged that the members of the jury possess ordinary intelligence. If they had any at all, they could not fail to understand, under the court's charge, that, if plaintiff had failed to make out his case by a preponderance of the evidence, he had not met the burden imposed upon him by the law, and therefore was not entitled to a verdict. Still we see no reason why the additional charge requested should not have been given if appellant desired it. The assignment is overruled. Ellis v. Brooks, 101 Tex. 591, 102 S. W. 94, 103 S. W. 1196.

The appellant requested the court to charge the jury as follows: "The jury is charged that in crossing the track of the defendant it was the duty of the plaintiff to conduct himself as a man of ordinary prudence and care would have done under the circumstances in which he then was, and, if he failed to use such ordinary care, and by

so doing brought about or contributed to his injury, he would be guilty of contributory negligence, and, if he was so guilty of contributory negligence, the plaintiff cannot recover." This was refused, and the refusal is made the ground for the seventh and eighth assignments of error. There was no plea of contributory negligence on the part of appellant. The only pleas were a general demurrer and general denial. It was alleged in the petition that when the accident occurred appellee was in the exercise of proper care for his own safety, and the court in its general charge instructed the jury that, before they could return a verdict for plaintiff, they must find from the evidence not only the negligence of appellant, but that, when appellee sustained the injuries, he "was in the exercise of ordinary care for his own safety." The rule invoked by appellant is thus clearly stated in Gulf, Colorado & Santa Fé Ry. Co. v. Allbright, 7 Tex. Civ. App. 23, 26 S. W. 251: "The facts raising the question of contributory negligence all came out in the development of the transaction on which the plaintiff relied for a recovery. To entitle him to recover, it was necessary for him to develop that transaction, and show his relation to and connection with it. It was also the right of defendant, by cross-examination of plaintiff's witnesses, and by introduction of its own witnesses, to cover the same ground, and show the whole of the occurrence put in issue by the action. If, when thus fully developed, the plaintiff's connection with the collision was such as presented the question whether or not he was guilty of negligence, which helped to cause it, the defendant was entitled to have a decision of it, whether pleaded or not"—citing Murray v. Railway Co., 73 Tex. 3, 11 S. W. 125; Railway v. Crowder, 63 Tex. 502; Railway v. Riordan, 22 S. W. 519. To bring the present case within the rule, it is urged by appellant that the testimony of appellee's witnesses and himself in developing the circumstances in which the accident occurred and the manner of it suggested that appellee was guilty of contributory negligence, proximately causing the accident, by attempting to drive across the tracks of appellant along the street in question at a point where the street was partially blocked by the car standing on the railroad track and attached, with several others in the train, to the engine, and also in attempting to cross only ten or twelve feet from the car, when the width of the street unobstructed allowed of his crossing at a greater distance from the car.

Much stress is laid upon the fact that the engine was in such plain view that appellee must have seen it, and that it was attached to the car standing up against, and partially over on, the street a few feet. We think it can make no difference if appellee had testified that he saw the engine. The case then would have been that appellee driving along a public street in a city some 80 feet wide, on approaching the intersection of the street with the railroad track, sees three or four cars to which is attached an engine, the rear car projecting over the line of the street 3 or 4 feet. There is no movement of engine or cars. They are standing perfectly still. Although a switchman is kept at this crossing, he is not in sight, and in fact is not there. There is no one at or near the rear car to give warning of the contemplated movement of the cars. There is absolutely nothing to indicate or suggest that the engine or cars are about to move. There is ample room to drive across in perfect safety. We cannot see that there is anything in these circumstances that in the slightest degree suggests that a man of ordinary care would have hesitated to drive across as appellant did. He was on a public crossing, and had as much right there as appellant, and there was nothing to indicate any danger that those in charge of the engine and cars would, without warning, move the cars to his injury. It is of no significance, and certainly does not suggest negligence on appellee's part, that he attempted to cross not more than 10 or 12 feet from the standing car when the width of the street was sufficient to allow him to do so 30 or 40 feet away. The distance was ample for his safety if the cars remained standing, and, as we have said, there was nothing to create a suspicion that they would move before he could cross. If the facts had been such as to require a charge on contributory negligence, in the absence of such plea, as stated in the Allbright Case, we do not think that the charge of the trial court was sufficient on this point to justify the refusal of the charge requested. But we do not think that the evidence was such as to require a charge on this issue in the absence of an affirmative plea on the part of the defendant. It is to be noted that the appellant's witnesses denied that the car moved, or touched the wagon, but stoutly insisted that the horse turned around suddenly before reaching the track and overturned the wagon. So whatever evidence of contributory negligence there is is offered by the testimony of appellee and his witnesses in narrating the occurrence. Our conclusion is that there was no error in refusing the charge referred to.

What we have said disposes also of the ninth assignment of error, which is overruled.

In its tenth assignment of error appellant complains that the verdict of the jury "is contrary to a preponderance of the evidence, and the plaintiff has failed to prove his case by a preponderance of the evidence." It is only when the verdict is so against the preponderance of the evidence as to be manifestly wrong that this court is authorized to set it aside and grant a new trial. The record presents a rather extraordinary condition. Some five or six witnesses, including appellee and a companion in the wagon with him, every one of whom, if he tells the truth, was in a position to see plainly the

entire occurrence, testified in the most positive manner to the collision of the moving car with the wagon on the crossing, the overturning of the wagon on the occupants, and consequent injury of appellee. On the other hand, about an equal number of witnesses, some of them trainmen in charge of this engine and train, and all right on the spot, testified that while driving along the street, approaching the track, but before getting to the track, the horse suddenly shied, or turned, overturning the wagon, and that the car never moved or touched the wagon. Appellant's witnesses were the first to get to appellee and assist him. The evidence presents peculiarly a case which it was for the jury to settle. It was peculiarly a case to be determined upon a proper consideration of the weight of the evidence and the credibility of the witnesses, and there is no warrant for our interference. So the verdict must stand, as against this objection.

The eleventh and twelfth assignments of error and the proposition thereunder are overruled without discussion. What is complained of were, if anything, mere omissions in the charge, to be supplied, if desired by appellant, by special instructions, which should have been asked for.

The verdict is complained of as excessive. It is, in view of the evidence, exceedingly liberal, but we cannot say that it is so large as to suggest that it was the result of passion or prejudice or other improper motive and not of a fair consideration of the evidence. We believe that is the rule laid down by our Supreme Court. The assignment is overruled.

We find no error requiring reversal, and the judgment is affirmed.

Affirmed.