CITY OF DALLAS v. MRS. I. J. MORRIS.

No. 5681. Decided March 18, 1931.
(36 S. W., 2d Series, 702.)

*James J. Collins,* City Attorney, *A. A. Long, W. Hughes Knight* and *H. P. Kucera,* Assts., and *John B. Poindexter,* for appellant.

The main question for decision before this court is whether the institution of the suit by the city of Dallas on the 10th day of September,

1925, against Mrs. I. J. Morris, her husband not being a party thereto, was in legal effect the institution of a suit, thus tolling the statutes of limitation. Article 1985 of the Revised Civil Statutes of 1925 provides as follows:

"The husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband."

This is the only requirement under our laws under which it can be contended that the husband shall be joined in suits for separate debts and demands against the wife, and it will be observed that this article does not provide that the institution of a suit against a married woman, without the joinder of her husband, is a nullity nor is there any decision in Texas which so holds. The above article merely states that the husband "shall be joined" and does not state when he shall be joined, whether at the institution of the suit or at any time before judgment. The property involved in this case, against which the special benefit assessment was levied, was and is the separate property and estate of the defendant, Mrs. I. J. Morris, she being the owner in fee simple of same and having the beneficial interest therein, and her husband, defendant I. J. Morris, having no interest in said property whatsoever. The enhancement in value accruing to said property by reason of the widening of said street, inuring to the pecuniary benefit of the defendant, Mrs. I. J. Morris, it being her separate property, did not lend one iota of increased value or benefit to Mr. I. J. Morris, husband of Mrs. I. J. Morris. Under our laws relating to the opening, widening and straightening of thoroughfares and streets, the Legislature decided that the *owners* and their property specially benefited should bear the cost of paying for said street improvements. So the defendant, Mrs. I. J. Morris, being the owner of property specially benefited by the opening, widening and straightening of Harwood street, she is the one whom the Legislature has, in its wisdom, directed shall bear the cost of the improvements resulting in special benefit to her property. Hamlett v. Coates, 182 S. W., 1144; Bethel v. Duvall, 61 S. W., 699; Ft. Worth Ry. Co. v. Sellers, 242 S. W., 275; Ewing v. W. M. Foley, Inc., 239 S. W., 251.

*Touchstone, Wight, Gormley & Price* and *Robt B. Holland,* for appellees.

Mr. I. J. Morris, the husband of Mrs. I. J. Morris, was not a party to the assessment proceeding, was not given notice of the hearing, and did not take part in the hearing in which the special assessment in question was levied.

Article 1985 of the Revised Statutes of 1925 provides as follows: "The husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband."

He being a necessary party under the above statute to such assessment proceeding, and not having been given notice or opportunity for hearing, the assessment proceeding, in so far as the appellees are concerned, was void and fixed no obligation, and under the authority of Browning v. Hooper, 269 U. S., 396, 70 L. Ed., 330 (Archer county case), the general demurrer to the plaintiff's petition should have been sustained.

In a lawsuit in which it is alleged that a special assessment against a married woman on certain separate property belonging to her became delinquent on August 6, 1924, and in which it appears that on September 10, 1925, a petition was filed against said married woman without joining her husband as a defendant, although it is apparent from such petition that she has a husband, and in which it appears that she and her husband were not sued jointly until December 16, 1928, it is not error for the trial court to sustain the defendants' special exceptions to plaintiff's petition seeking to recover on such special assessment, for the reason that it is apparent from the record that more than either two or four years have elapsed since the accrual of the plaintiff's cause of action, if any, upon such assessment, before the bringing of suit thereon.

MR. PRESIDING COMMISSIONER HARVEY delivered the opinion of the court.

The Court of Civil Appeals for the Fifth District has submitted a certificate containing certified questions. The certificate shows that the city of Dallas instituted this suit, on September 20, 1925, against Mrs. I. J. Morris, a married woman, to recover of her the amount of a paving assessment made against her in the matter of paving a street upon which abuts a city lot alleged to be the separate property of Mrs. Morris. The fact of coverture of Mrs. Morris appears from the face of the original petition. The husband of Mrs. Morris is named in the petition, but in such a connection as to render it questionable whether he is joined as a party defendant in the suit. For the purpose of a decision we shall take for granted that he was not so joined. Mrs. Morris was duly served with citation. No citation was issued for her husband. Mrs. Morris, on or about appearance day, filed answer consisting of a general demurrer and general denial. More than four years after the filing of the original petition, the city filed an amended petition by which the husband of Mrs. Morris was made a party defendant in the suit. The cause of action alleged against Mrs. Morris in the amended petition is the same as that alleged in the original petition. Mrs. Morris and husband excepted to the amended petition on the ground that it showed on its face that the cause of action asserted therein was barred by the statutes of limitation of two and four years. The exceptions were sustained by the trial court on the theory that, until Mr. Morris was joined as a party defendant, Mrs. Morris was legally incapable of becoming a party, and therefore the

suit as originally instituted was a nullity so far as the claim against Mrs. Morris is concerned.

The Court of Civil Appeals submits the following certified questions:

Question 1. Is the husband, I. J. Morris, made a party defendant by the allegations in the first paragraph of the original petition filed in this cause?

Question No. 2. Does the filing of a suit against a married woman, whose disability of coverture at the time of filing the suit is disclosed by the petition, toll the running of the statute of limitation, fixing the time within which such suit must be brought, where the husband is not joined as a party defendant?

We shall take up for determination the second certified question.

The claim for the paving assessment, asserted by the city against Mrs. Morris in the original petition and in the amended petition, is shown by the averments of those respective instruments of pleading to be a separate demand against Mrs. Morris, and for the payment of which she is liable. Spears v. San Antonio, 110 Texas, 618, 223 S. W., 166. This claim was not barred by limitation when the original petition was filed.

Article 1985 of the statutes provides:

"The husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband."

The very terms of this statute imply the wife's legal capacity to be sued. The suit contemplated by the statute is essentially against the wife, for it is expressly provided no personal judgment shall be rendered against the husband. The statute clearly implies the wife's capacity to litigate in her own right. When sued, she is reached directly; not indirectly through the person of her husband. The husband is made a necessary party to the suit against her; but it is quite evident that the Legislature did not mean, by so providing, to qualify the wife's capacity to litigate, which the statute implies, or to require that a suit brought against her alone be treated as a nullity. As said by our Supreme Court in Cayce v. Powell, 20 Texas, 768: "The authority conferred upon a married woman, to litigate in her own right, implies the capacity on her part, to conduct the litigation as shall be most conducive to her own advantage. The law has conferred on her the right to litigate, and the right implies capability."

The wife's legal capacity to be sued is the same whether her husband be joined in the suit or not. So, too, is her liability on the claim asserted against her. The statutory requirement that her husband be joined with her in the suit, goes merely to the matter of procedure for the establishment and enforcement of her liability. A suit on a separate demand against her, without the husband being joined as a party defendant, is so defective that a judgment rendered therein against the wife would be

voidable, perhaps, but the suit is not void. The bringing in of the husband, prior to judgment, cures the defect and this cure relates back, in its operation, to the commencement of the suit.

The fact that the plaintiff's petition in a pending suit against a married woman discloses her coverture, does not bear on the question under consideration. If the suit were void on account of her legal incapacity to be sued, it would be so regardless of whether the fact of such incapacity appeared on the face of the petition or not.

The question *decided* in Taylor v. Hustead (Texas Com. App.), 257 S. W., 232, is a different question from that involved here. Language used in that case, which does not harmonize with the views hereinabove expressed, is not regarded as authoritative.

We recommend that certified question No. 2 be answered in the affirmative. This renders an answer to question No. 1 immaterial.

The opinion of the Commission of Appeals answering the certified question is adopted, and ordered certified.

C. M. Cureton, Chief Justice.