## MATTHIES et ux. v. RANNALS et al.

### No. 1510.

Court of Civil Appeals of Texas. Eastland.

Jan. 24, 1936.

Rehearing Denied Feb. 21, 1936.

T. F. Matthies, of San Antonio, for appellants.

Melvion R. Luter, of San Antonio, for appellees.

LESLIE, Chief Justice.

Stella Holt Rannals, joined by her husband, C. B. Rannals, instituted this suit against T. F. Matthies and Nancy E. Matthies, husband and wife, and Frank Vest and Clara Vest, husband and wife, to recover on a promissory vendor's lien note in the principal sum of $500, interest and attorney's fees, etc., and to foreclose as against each defendant the vendor's lien on 100 acres of land. The note was executed and delivered by said Nancy E. Matthies and T. F. Matthies as a part consideration for said land which had been conveyed to them jointly by the plaintiffs. The lien was expressly retained in the deed and note.

The petition further alleges that on September 22, 1932, the defendant Nancy E. Matthies and T. F. Matthies, by deed, conveyed said land to the defendants Frank Vest and Clara Vest, each of whom as a part consideration therefor assumed and agreed to pay said $500 promissory note according to its tenor, effect, etc. The suit is to enforce the original and assumed

obligations on the part of the respective defendants.

The defendants Matthies answered, setting up various matters of defense. The cause came on for trial, and judgment was entered in favor of the plaintiffs against each of the defendants for the amount in suit, together with the foreclosure of the vendor's lien on the 100 acres of land. From this judgment Matthies and wife appeal. Vest and wife do not appeal.

■ We have read and considered the appellant's brief. By it they seek to challenge the correctness of the judgment upon various grounds. These matters are such that they can be reviewed only in the light of a statement of facts. There is no statement of facts nor findings of fact or conclusions of law in this record. The appeal is here on the transcript of the record only. It follows that, upon the record as presented, we are wholly unable to consider the merits of those contentions which necessarily arise out of issues of fact reflected by the testimony.

■ We have further examined the record closely with a view of determining whether or not fundamental error has been committed in the rendition of the judgment. As a result, we conclude that it was error for the court to render a personal judgment on the note against the married women; namely, Nancy E. Matthies and Clara Vest. As said in Speer's Law of Marital Rights, p. 654: "A petition which fails to show the ground of her liability will not support a judgment, either by default or upon proof, the fact of her coverture appearing in such pleading. Thus it is not enough to allege that she promised, or contracted. It must show the right and power to contract."

For numerous other authorities announcing and applying this rule of law see those collated in Womack et ux. v. First National Bank of Anson (Tex.Civ.App.) 81 S.W. (2d) 99. As to these married women, the pleadings in the case show no obligation on the part of either growing out of special classes of contract which a married woman is by law authorized to make. However, the foreclosure of the lien as against them is correct. In the above respect only the judgment will be reformed and, as reformed, affirmed. Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.(2d) 811. It is so ordered.