TRI-STATE TRANSIT CO. *v.* GAY.

(Division B.  March 1, 1937.)

[172 So. 742.  No. 32635.]

**Stevens & Stevens** and **Geo. R. Nobles**, all of Jackson, for appellant.

Frank T. Williams, of Mendenhall, for appellee.

Argued orally by **J. M. Stevens, Jr.**, for appellant, and by **Frank T. Williams**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Although this case is close upon its facts as regards the allowance of punitive damages, we have concluded that the evidence is sufficient under several of our decisions dealing with common carriers to support a verdict of gross neglect of duty. And we write only to respond in particular to the argument made by appellant in criticism of the instruction obtained by appellee,

which authorized the jury to adjudge punitive damages if "the said failure to perform its public duty was reckless or wanton or grossly negligent or willful."

It is argued that the word "reckless" used in this instruction means no more than simple negligence, and many of the courts of the country have so held as may be seen by reference to 53 C. J., pp. 549-551. Other courts have held that the word imports a heedless indifference to consequences, and our own court in Chicago, St. L. & N. O. Railroad Co. v. Scurr, 59 Miss. 456, 464, 42 Am. Rep. 373, said that "gross negligence is synonymous with recklessness," which means, of course, that recklessness is synonymous with gross negligence, and in the concluding portion of the opinion in that case it was said that punitive damages may be inflicted "for recklessness, wilfulness or insult." All our later decisions have followed that case in respect to the meaning in instructions of the words "recklessly" or "reckless;" and it is beyond debate that exemplary damages may, in the discretion of the jury, be imposed for gross negligence.

Affirmed.